NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARYL WHITFIELD, <br><br>   Plaintiff - Appellant, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, <br><br>   Defendant - Appellee. | No. 25-5220 <br><br> D.C. No. <br> 2:25-cv-04499-HDV-PD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted April 30, 2026[**]

Before: McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Daryl Whitfield appeals the district court's denial of his motion for a

preliminary injunction enjoining then-Secretary Kristi Noem from allowing

Customs and Border Protection ("CBP")—Whitfield's employer—to mandate that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Whitfield report in-person to the Los Angeles/Long Beach CBP office. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Because the district court applied an incorrect preliminary injunction standard, we reverse and remand for further proceedings.

Whitfield is an import specialist for CBP. He suffers from numerous military service-connected disabilities: post-traumatic stress disorder, chronic migraines, tinnitus, gastroesophogeal reflux disease, rhinitis, sinusitis, ADHD, rheumatoid arthritis, generalized anxiety disorder, and obstructive sleep apnea. Since January 26, 2024, he has been found "totally and permanently disabled due to [his] service-connected disabilities."

Before 2020, Whitfield conducted in-person examinations of merchandise one day per week. Between March 2020 and April 2022, CBP suspended all in-person work for import specialists due to the COVID-19 pandemic. In April 2022, Whitfield's team reinstituted a one-day-per-week in-person work requirement. In March 2025, CBP required that all import specialists return to in-person work full time.

Whitfield first contested his return to in-person work under his collective bargaining agreement on March 2, 2022, prior to the reinstatement of the post-COVID return-to-work policy. He filed reasonable accommodation requests in March and October of 2022, and December of 2024; multiple requests to

25-5220

reconsider those accommodation requests; and multiple Equal Employment Opportunity Commission complaints. On May 19, 2025, Whitfield commenced this action pro se, alleging that CBP failed to engage in the interactive process, failed to provide reasonable accommodation, and retaliated against him in violation of the Rehabilitation Act; and that Whitfield suffered racial discrimination in violation of Title VII. The following day, Whitfield filed a motion seeking a temporary restraining order and preliminary injunction based on his Rehabilitation Act reasonable-accommodation and interactive-process claims.

The district court denied Whitfield's motion for a preliminary injunction because he could not show a likelihood of success on the merits. In doing so, the district court applied the heightened preliminary injunction standard for mandatory injunctions.

We review de novo the district court's legal conclusions. *Where Do We Go Berkeley v. Cal. Dep't of Transport.*, 32 F.4th 852, 857 (9th Cir. 2022) (citation omitted). Plaintiffs seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party, the last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

When evaluating the *Winter* factors, we employ a "sliding scale test." *All.*
*for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).
Although we have held that failure to demonstrate a likelihood of success on the
merits permits a district court to deny a preliminary injunction without considering
the other factors, *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1126 (9th Cir.
2024), our sliding scale approach means that "when plaintiffs establish that the
balance of hardships tips sharply in their favor," and the other factors are met,
plaintiffs "need only show *serious questions* on the merits," *Where Do We Go*
*Berkeley*, 32 F.4th at 859 (citation modified).

The district court erred by applying the mandatory injunction standard and
requiring that "a court must find more than a likelihood of success" and that "the
laws and facts [must] clearly favor [Whitfield's] position." Instead, under our
ordinary sliding-scale approach for prohibitory injunctions, Whitfield needed only
establish that a "serious question" existed as to whether he was denied a reasonable
accommodation under the Rehabilitation Act if the balance of hardships tips
"sharply" in his favor. *See id.* at 859.

Mandatory injunctions are those that "order[] a responsible party to 'take
action'" and "go[] well beyond simply maintaining the status quo *pendente lite*."
*Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). "The status
quo means the last, uncontested status which preceded the pending controversy."

*Id.* at 740 n.4 (quoting *N.D. ex rel. Parents v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1112 n.6 (9th Cir. 2010)). Here, Whitfield began contesting CBP's in-office attendance policy in March 2022, prior to the end of the COVID-era remote-work policy. Therefore, the status quo *pendente lite* was fully remote work. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("In this case, the status quo ante litem existed before Disney began using its allegedly infringing logo. The [contrary] interpretation . . . would lead to absurd situations, in which plaintiffs could never bring suit once infringing conduct had begun."). Properly construed, then, Whitfield's request is one for an ordinary prohibitory injunction.

We do not decide whether the balance of hardships tips sharply in Whitfield's favor or if Whitfield has successfully established a "serious question" as to the merits of his reasonable accommodation claim. We reverse and remand for further consideration under the *Winter* sliding-scale prohibitory injunction standard.

**REVERSED and REMANDED for further proceedings consistent with this disposition.**